1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RUBEN GABRIOLA BARRERA, | ) | Case No.: 1:20-cv-00913-SKO (HC) |
| Petitioner, | ) ) | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | ) ) | |
| | ) ) | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF HABEAS |
| STU SHERMAN, | ) ) | JURISDICTION |
| Respondent. | ) ) | [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court has conducted a preliminary screening of the petition and finds that the petition fails to present a cognizable ground for relief.  Therefore, the Court will recommend that the petition be DISMISSED with prejudice.

**I.      PROCEDURAL HISTORY**

On July 12, 2018, Petitioner pled no contest in the Merced County Superior Court to one count of attempted murder, a violation of Cal. Penal Code §§ 187(a) and 664. (Doc. 1 at 1, 19.)  He also admitted a gang enhancement pursuant to Cal. Penal Code § 186.22(b)(1), and a firearm enhancement pursuant to Cal. Penal Code § 12022.53(b), (e).  (Doc. 1 at 19.)  Under the terms of the plea agreement, he was sentenced to 25 years in state prison.  (Doc. 1 at 1.)

1

Petitioner timely appealed to the California Court of Appeal, Fifth Appellate District. (Doc. 1 at 19.) On September 24, 2019, the appellate court denied the appeal. (Doc. 1 at 17.) Petitioner then petitioned for review in the California Supreme Court, and the petition was denied on December 11, 2019. (Doc. 1 at 28.)

On June 26, 2020, Petitioner filed the instant federal petition in the Sacramento Division of this Court. (Doc. 1.) On July 1, 2020, the petition was transferred to the Fresno Division. (Doc. 5.)

## II.     DISCUSSION

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B.  Failure to State a Cognizable Federal Claim

In his petition before this Court, Petitioner directs the Court to the opinion of the appellate court, wherein Petitioner raised one claim for relief: Petitioner alleged that the trial court erred in denying his motion to suppress because there was not probable cause to arrest him under the Fourth Amendment, and consequently, his incriminating statements should have been excluded as the product of an unlawful arrest.

A federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue. Stone v. Powell, 428 U.S. 465, 494 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), cert. denied, 511 U.S. 1057 (1994). The only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.

1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under Stone was necessary).

The policy behind the Stone Court's analysis is that the exclusionary rule is applied to stop future unconstitutional conduct of law enforcement.  Stone, 428 U.S. at 492.  However, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost.  Id. at 489-90; Woolery, 8 F.3d at 1327-28.  Thus, the Ninth Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

Woolery, 8 F.3d at 1326; Stone, 428 U.S. at 493-494.

In this case, Petitioner's Fourth Amendment claim was litigated through a suppression hearing in the Merced County Superior Court.  (Doc. 1 at 24.)  In addition, Petitioner litigated the claim on appeal.  (Doc. 1 at 17-26.)  The Court finds that the state court provided Petitioner with a "full and fair opportunity to litigate" his Fourth Amendment claim.  Pursuant to Stone v. Powell, the Court cannot grant habeas relief.  The petition should be dismissed with prejudice.

**III.    ORDER**

The Court hereby DIRECTS the Clerk of Court to assign a District Judge to the case.

**IV.    RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED WITH PREJUDICE for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 6, 2020**                                    /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE